## WILLIAM RUNNAMAKER, use, etc.

### *v.*

### HENRY CORDRAY.

1. PROMISE *of a judgment debtor to pay the judgment.* A recovery can not be had against a party upon a verbal promise to pay a binding judgment which has been rendered against him. Such a promise is without consideration, and can not increase or change the liability of the debtor.

2. MERGER—*judgment.* Nor can the original consideration upon which the judgment was rendered be recovered under the common counts; for that consideration is merged in and extinguished by the judgment.

3. EVIDENCE *under common counts—judgment.* The record of a judgment is not evidence to support the money counts in an action of debt. It is not evidence of money had and received, loaned, paid out and expended, or of an account stated.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. HIRAM B. DECIUS, Judge, presiding.

The opinion states the case.

Mr. JOHN H. HALLEY, for the plaintiff in error.

Mr. W. B. COOPER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by plaintiff in error in the Jasper circuit court, against defendant in error. A declaration was filed containing the common counts; he also sued out a writ of attachment. At the return term, defendant filed the plea of *nil debit,* and issue was joined. The cause was submitted to and tried by the court, without the intervention of a jury, by consent of the parties. On the trial, plaintiff in error proved that soon after defendant in error came to the county, the transcript of a judgment from a justice of the peace in the State of Ohio, against defendant in error, was presented to him, and that he promised to pay it, but soon afterwards, said it was unjust, but he would pay it; and again, that he would pay it as soon as he could. He also introduced evidence, that defendant had said to different persons, that the judgment had followed him, and that he wanted to place his property in their hands to avoid its payment.

He then offered to read the transcript of a judgment for $130.50 and costs against defendant in error, rendered by a justice of the peace of Coshockton county, in the State of Ohio, in evidence, but, on objection, it was rejected by the court; and thereupon the court rendered a judgment for defendant in error for costs. Plaintiff entered a motion for a new trial, which was overruled, and he brings the record to this court and asks a reversal.

The first question presented, is, whether plaintiff could recover on the verbal promise of defendant to pay the judgment. Such a promise is without consideration, and can not increase or change the liability of the debtor. The recovery

of the judgment imposes the obligation to pay, and that obligation is in nowise increased or changed by the verbal promise. The verbal promise does not extinguish the binding force of the judgment. It remains unimpaired. Nor does the promise create a new debt or undertaking of binding force. If debt or assumpsit could be maintained on such a promise, an action could still be maintained on the judgment, thus giving two causes of action for one debt.

Nor can the original consideration, upon which the judgment was rendered, be recovered under the common counts.

That consideration was merged and extinguished by the higher security and obligation of record—the judgment. If it were not so, then several actions might be maintained in different forms, at the same time, for the same debt.

Lastly, it is urged that the court erred in rejecting the record of the judgment as evidence. It is a familiar rule, that the allegation and proof must correspond ; and we are at a loss to perceive how a judgment can support the money counts in debt. A judgment may be declared on as such, but it can not be evidence of money had and received, loaned, paid out and expended, or of an account stated. It is only the finding by a court, that one person owes another a certain specified sum of money, and a sentence that it be collected from the debtor. We have searched in vain to find a precedent for such a recovery, counsel have referred to none, and it is believed that none exists. To recover, plaintiff in error should have declared, in the usual manner, in debt on the judgment, and then produced a transcript, properly authenticated, as evidence. We perceive no error in this record, and the judgment must be affirmed.

*Judgment affirmed.*