# John Cooke

*v.*

# Patrick W. Murphy *et al.*

1. Consideration—*of supplemental contract to pay additional price on building contract.* Where the parties engaging to furnish materials and perform certain work in the erection of a building, claimed that they had made a mistake of $500 in the price of the same, and refused to go on and complete the contract, and thereupon the other party agreed to pay $500 in addition to the original contract price, under which the contractors completed the work: *Held,* that the new and supplemental agreement to pay $500 more was not without consideration, but was valid and binding.

2. Same—*what is sufficient.* One promise is a sufficient consideration to support another, and where a person does an act beneficial to another, or agrees to do so, that forms a sufficient consideration to support an agreement to pay for the same.

3. Contract—*written, may be changed by a subsequent verbal one.* A sealed building contract may be changed by a subsequent verbal agreement to pay an additional sum for the same work and materials mentioned in the original, and if the work is done under the same, it will be binding.

4. Same—*whether subsequent verbal contract abrogates prior written one.* Where a written building contract is subsequently changed, by parol, only as to the consideration to be paid for the work, when completed, increasing the sum, this will not be an abandonment of the written contract, but it will remain in force, except as to the price to be paid.

5. New trial—*on ground of mistake by witness in his testimony.* Before a new trial is granted on the ground that a witness of a party was mistaken in his testimony given, and, on a new trial, will correct the same, the party must show that he has been active and diligent to avert the injury

he is about to sustain by the mistake of the witness, and if the mistake could have been demonstrated, and the correction made before the close of the trial, a new trial will be properly refused.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was a petition by Patrick W. Murphy and Richard C. Murphy, against John Cooke, to enforce a mechanic's lien.

The opinion of the court contains a substantial statement of the material facts, except that the original contract was under seal. The jury found for the petitioners the sum of $797.90. The defendant moved for a new trial, which the court refused, and entered a decree in accordance with the verdict, in the usual form. The defendant appealed.

Messrs. BONFIELD & SWEZEY, for the appellant.

Messrs. RUNYAN, AVERY, LOOMIS & COMSTOCK, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding to enforce a mechanic's lien, in the circuit court of Cook county, against a lot of ground in the city of Chicago. The facts, as they appear from the record, are, that, in January, 1872, appellees, as builders, entered into a written agreement with appellant, to furnish materials for and erect and finish two two-story frame buildings, on or before the 15th day of April, 1872, for which they were to be paid $4310, in instalments, and in case the buildings were not completed within a stipulated time, appellant was to have $20 per week for each week they should remain unfinished after the 15th day of April, to be deducted from the contract price. The work was commenced, but, before they were completed, the houses began to settle, and appellant claims that, after appellees claimed they were completed, they had given away so that he was compelled to have the houses raised by screws,

7—70TH ILL.

98                    COOKE *v.* MURPHY *et al.*                    [Sept. T.

Opinion of the Court.

and to have the supports reset, and that he was compelled to make other repairs.

Appellees had received, before suit was brought, $3972.21 on the contract. During the latter part of the time, in constructing the work, some of the surface earth was removed from under the houses by the city authorities, with the permission and consent of appellant.

It is contended by appellees that, a few days after the contract was entered into, the parties met, and a verbal agreement was entered into, by which appellant was to pay $500 more, as the price of the work, than was mentioned in the written contract; but this is denied by appellant. Another question in dispute was in regard to the time when the buildings were completed, and what sum should be deducted from the price.

There is a dispute as to the cause of the settling of the building, and whether it was from the fault of appellees; and appellant claims that the materials were inferior in quality, and a portion of the work was unskilfully performed.

It is insisted that the evidence fails to establish any change in the written agreement. Whilst the evidence is not of that clear and satisfactory character that leaves no doubt on the mind, we think the jury were warranted in finding that the change was made by which appellant was to pay the additional sum of $500 for the performance of the work. Hence, the court below did not err in refusing to exclude the evidence, or in refusing to instruct the jury to disregard it. This error is not well assigned, as the evidence tended to prove the fact, and, as we have said, it warranted the jury in finding that it did.

It is also urged that the evidence was incompetent, because it failed to show that, if the agreement was made, it was not based upon any consideration. It was claimed that appellees had made a mistake, in their calculations, of $500, against themselves, and they had appealed to appellant's sense of justice and right, either to pay them the additional sum, or

release them from the contract. He did not deny that there had been a mistake.

The rule is familiar, that one promise is a sufficient consideration to support another, and that where a person does any act beneficial to another, or agrees to do so, that forms a sufficient consideration to support an agreement. Here were mutual promises, one to perform labor, and to furnish materials, and the other to pay for them. Again, the performance of the labor and the furnishing materials were of benefit to appellant, and of loss and injury to appellees, and the new and additional contract was binding. Appellees refused to go on with and to perform the contract, and he agreed, if they would, he would pay them the additional sum.

It is insisted that, even if the contract was altered as claimed, it became a new agreement, and abrogated the written one; and as it was relied on in the petition, the evidence of the new contract did not support the allegations. It sets out both the written and the verbal agreement, and, we think, correctly. The supplemental contract was an addition to the written contract, and only related to the consideration to be paid for the work. It does not seem to have been in contemplation of the parties that the written agreement should be abandoned, but, on the contrary, to be and remain in force in all of its terms and conditions but the price to be paid, which was to be governed by the supplemental agreement.

It is urged that the evidence fails to support the verdict. After a careful examination of all of the testimony, we find it conflicting, but we are unable to say the finding is against its weight. We can not reverse on such grounds, unless the finding is manifestly against the evidence; and such is not the case with this verdict.

We perceive no material error in the instructions. They presented the law fairly to the jury, and were not calculated to mislead.

It is urged that appellant was taken by surprise by the evidence of one of his witnesses, who testified as to the condition

of the foundation of the house; that the witness was entirely mistaken as to the actual condition of the foundation when he testified, and, upon examination after the trial, he became satisfied of the mistake in his evidence, and would, on another trial, correct it. Before a new trial is granted on the grounds urged in this case, the party must show that he has been active and diligent in his endeavors to avert the injury he is about to sustain. In this case, appellant knew of the mistake, if one was made, and should have asked permission of the court for the witness to make the examination, and if he found that he was mistaken, to permit him to correct his evidence. As but a short time would have been required for the purpose, the court would doubtless have permitted the examination to have been made; nor does it appear that he did not have ample time for the witness to have made the examination before the evidence was closed.

The judgment of the court below must be affirmed.

*Judgment affirmed.*