# H. Leroy Thayer

*v.*

## John Allison.

*Filed at Ottawa November 20, 1883.*

1. Error *will not always reverse—admission of improper testimony.*
The admission of evidence having no bearing on the final decision of a case
being tried by the court without a jury, and which it can be seen worked no
injury to either party, and had no influence on the court in its judgment, will
afford no ground for a reversal of the judgment.

2. Contract—*vendor and purchaser—right of the latter to rescind—as
to the time fixed by the contract.* A purchaser of land supposed to be coal
land, made his first payment, and was to pay the balance in three installments,
the first of the deferred payments on the first day of March following, the
contract giving him the option to rescind at any time before such first deferred
payment should become due, forfeiting his first payment. Prior to that time
the vendor extended the time of payment to the first day of April following,
to enable further tests to be made to find coal: *Held*, that the purchaser had
the right, after such extension, to rescind at any time before the first day
of April,—the time the deferred payment, under the extension, would be-
come due.

3. Same—*indorsing a release as a condition to the right to rescind.*
Where the contract gave to the purchaser the option to rescind his purchase
at any time before the second payment should become due, by delivering
back to the vendor the contract, with an indorsement thereon releasing him
from all obligation thereunder, the vendor in such case to retain the amount
already paid, the purchaser may rescind the purchase by surrendering the
contract to the vendor, and notifying him of his intention to rescind, before
the second payment becomes due. In such case the indorsement of his
release of the vendor upon the contract is not essential to the right to re-
scind, as the surrender itself would operate as a release.

4. Consideration—*for extension of time of payment.* A money con-
sideration is not necessary to a contract extending the time of a payment.
One promise is a sufficient consideration to sustain another. So where one
person does an act beneficial to another, or agrees to do so, that forms a
sufficient consideration to support an agreement.

5. Where a party had contracted for the purchase of coal land, which he
was testing by boring for coal, and before his second payment matured he
procured the written promise of his vendor to extend the time of such pay-
ment one month, to enable him to further develop its resources, which he
agreed to do, so that he might find a purchaser at a price above ordinary farm

land, instead of surrendering his contract, as he had the right to do, it was *held,* that the agreement to make the said tests and to endeavor to find purchasers, so as to enable the vendor to realize the contract price, was a sufficient consideration for the promise to extend the time of payment.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. FRANCIS GOODSPEED, Judge, presiding.

Messrs. OLIN & PHELPS, for the appellant:

Even if the trust deed had not been released before suit brought, it was no defence for the installment sued for, it not being the last one. *Foster* v. *Jared,* 12 Ill. 454; *Runkle* v. *Johnson,* 30 id. 332; *Monson* v. *Stevens,* 56 id. 336; *Sheeren* v. *Moses,* 84 id. 450.

Appellant's letter of February 15 should be read by itself, and construed by the words in it, in their ordinary acceptation. *Fitzgerald* v. *Staples,* 88 Ill. 236; *Weaver* v. *Fries,* 85 id. 359; 1 Greenleaf on Evidence, sec. 278.

What a contract means is a question of law. 2 Parsons on Contracts, 492; *Belden* v. *Woodmansee,* 81 Ill. 25; *Streeter* v. *Streeter,* 43 Ill. 165; *White* v. *Murtland,* 71 id. 267.

A contract under seal can not be modified or varied by a parol agreement. *Chapman* v. *McGraw,* 20 Ill. 101; *Loach* v. *Farnum,* 90 id. 369; *Hume Bros.* v. *Taylor & Moss,* 63 id. 45; *Barnett* v. *Barnes,* 73 id. 217.

An agreement modifying an original one, is invalid, unless founded on an adequate consideration. 1 Parsons on Contracts, 427; *McLean* v. *McBean,* 74 Ill. 137; *Weaver* v. *Fries,* 85 id. 361.

An agreement to extend the time for the payment of a note, if not supported by a proper consideration, is *nudum pactum,* and without binding force. It can not delay the suit. *Glickauf* v. *Hirschhorn,* 73 Ill. 574; *Ralph* v. *Baxter,* 66 id. 416.

Even if appellant had extended the time for exercising the option to rescind, if it is exercised, it must be done in the

manner provided in the contract. *Packard* v. *Van Shoick*, 58 Ill. 82; *Coey* v. *Lehman*, 79 id. 176; *Corbett* v. *Underwood*, 83 id. 327; *Peoria Marine and Fire Ins. Co.* v. *Whitehill*, 25 id. 473; *McAvoy* v. *Long*, 13 id. 150.

Messrs. DOUD, WING & CARTER, for the appellee:

Where the terms of a promise admit of more senses than one, the promise is to be performed, and it should be interpreted in that sense in which the promisor thought the promisee received it. *Wells* v. *Carpenter*, 65 Ill. 450; *Potter* v. *Ontario and Livingston Mutual Ins. Co.* 5 Hill, 147; *Vermont Street M. E. Church* v. *Brose*, 104 Ill. 206; *Nichols* v. *Mercer*, 44 id. 250.

As to the consideration for the extension of time of payment, see *Wadsworth et al.* v. *Thompson*, 3 Gilm. 423; *Low* v. *Forbes*, 18 Ill. 569; *Bishop* v. *Busse*, 69 id. 407; *Cooke* v. *Murphy*, 70 id. 99; *Underwood* v. *Hossack*, 38 id. 208; *North* v. *Kizer et al.* 72 id. 172; *Worcester National Bank* v. *Cheeney*, 87 id. 602; *Ives* v. *McHard*, 103 id. 97.

Parol agreement is good to enlarge the time of the performance of covenants of a sealed instrument. *Baker* v. *Whiteside*, Breese, 174; *Wadsworth et al.* v. *Thompson*, 3 Gilm. 423; *Keating* v. *Price*, 1 Johns. 22; *Fleming* v. *Gilbert*, 3 id. 528; *Thompson* v. *Ketchum*, 8 id. 189; *Langworthy* v. *Smith*, 2 Wend. 587; *Solomon* v. *Jones*, 3 Brev. 54; *North* v. *Kizer et al.* 72 Ill. 172; *Dearborn* v. *Cross & Thrasher*, 7 Cow. 48; *Trevidick* v. *Mumford*, 31 Mich. 467.

An executed parol agreement can change instrument under seal. *White* v. *Walker*, 31 Ill. 422; *Dickinson* v. *Commissioners*, 6 Porter, (Ind.) 128; *Carpenter* v. *King*, 9 Metc. 511; 1 Greenleaf on Evidence, sec. 302, note 1.

As to estoppel, see *Continental Bank* v. *Commonwealth Bank*, 50 N. Y. 575; *Carroll* v. *Manchester Ry. Co.* 111 Mass. 1; *Cornelius* v. *Thompson*, id. 270; *Eaton* v. *Winnie*, 20 Mich. 156; *Lacy* v. *Wilson*, 24 id. 479; *Truesdail* v. *Ward*, id. 117.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by H. Leroy Thayer, against John Allison, to recover $7500 claimed to be due on a certain contract, under which Thayer contracted to sell Allison three hundred and twenty acres of land in Grundy county, on certain conditions specified in the contract. A jury was waived and a trial had before the court, which resulted in a judgment against the plaintiff for costs. This judgment was affirmed in the Appellate Court.

The contract on which the action was brought was executed December 15, 1881. The purchase price of the land was $16,000, payable as follows: $500 cash in hand; $7500 March 1, 1882; $4000 September 1, 1882; $4000 March 1, 1883. The contract contains this provision: "And it is further agreed, that at any time before the second payment herein shall become due, said second party, without making any further or other payment, shall have the right and option of rescinding this contract; and upon his delivering back to the first party this contract, with an indorsement thereon releasing the first party from all the obligations thereof, said second party shall also be released from all obligations herein stated, said first party to retain said $500." The defence interposed to the action was, that Allison had rescinded the contract, and under the above clause of the agreement he was released from any and all payments.

It is contended by appellant that the court erred in the admission of evidence offered by the defendant, and also in refusing to hold certain propositions of law in favor of the plaintiff. The defendant offered in evidence a trust deed given by appellant to one Hagar, in which the premises named in the contract were incumbered for the payment of certain money. This was read in evidence, but whether the court erred in this regard or not could have no bearing whatever on the final decision of the case, as it was proven that the

trust deed was released long before this action was brought, so that if the court erred, it was an error that did no harm, and is no ground for a reversal of the judgment. There was other evidence introduced by the defendant that may have had no legitimate bearing on the issue involved in the case, but it will not be necessary to examine it in detail here, as it is apparent, from the rulings of the court on the propositions of law, that such immaterial evidence had no influence whatever on the court in the decision which was finally rendered in the case.

It will be observed that by the terms of the agreement under which the land was purchased, Allison had the right to rescind the contract on or before the 1st day of March, 1882, if he saw proper. That right was not exercised before the 1st of March, 1882; but Allison claimed that his right to rescind was, by agreement of Thayer, extended until the ·1st day of April, 1882, and before that time he exercised the right, and rescinded the contract. Now, the only question in the case is, whether the time for rescission was extended, and whether Allison, within that time, exercised that right, and rescinded the contract. For the purpose of showing that the time for rescission was extended, Allison read in evidence the following letter to Thayer, and Thayer's letter in reply:

"GARDNER, ILL., *February 14, 1882.*

"*Mr. H. L. Thayer, Joliet, Ill.:*

"Dear Sir—I wish to inform you that we have bored another hole on your land, and the men that bored did not give us notice when they got to coal at 147 ft., so we were not satisfied, and will have to bore another hole in order to satisfy any company. I am informed that three of the men out of five that had thought of taking the lands we have taken options on, have dropped out and declined to take any part in the matter. So I would like to get you to extend the time from March the 1st to April the 1st, on your land, if I can, and

by so doing we will have plenty of time to bore another hole or two, and find some new parties to take our lands; but if you will not consent to this, I fear I can not get around in time, and you will likely have your land on your hands again. Let me hear at once, and oblige.

JNO. ALLISON."

"JOLIET, ILL., *February 15, 1882.*
*"John Allison, Esq., Gardner:*

"Dear Sir—Yours of the 14th instant received and noted, and in reply will say: If on or before the 1st day of April next, you make the payment due March 1st, I will convey s. ½ of 20, 32, 8, according to our contract bearing date December 15, 1881. Should any unforeseen circumstances seem to require other arrangements, you will please see they are made in writing before the 1st day of April.

"Respectfully yours,

H. L. THAYER."

For the purpose of showing that the contract had been rescinded within the time, defendant read in evidence the following letter, which was sent to Thayer on the day it bore date:

"GARDNER, ILL., *March 29, 1882.*
*"Mr. H. L. Thayer, Joliet, Ill.:*

"Dear Sir—You will here find your contract returned. I wish to say, if you see fit to indorse on back of this contract that you extend the time to July 1st, I feel nearly certain that we can sell the land at prices that we can pay you, and let me out as well. Wilber is here, and he says he is nearly certain of this,—as to the tests on the land, you know. I think you will do as I ask,—extend the time, and return this contract, please. You had better rent the land, and you shall have this year's use of it, and we will make the payment on July 1st, instead of March the 1st, and the deferred payments as first stated. The great depression of R. R.

stock, which continued for many weeks, added to the diminished coal sales on account of the long, open winter, has been a continued hindrance to the sale of coal lands.

"Truly yours.          JNO. ALLISON,
                                                                  Per C."

In reply to this letter, on March 30 Thayer returned the contract, and also the letter of February 15, 1882, which Allison had sent with it, and refused to extend time further, and insisted on the payment of the $7500. Upon this state of facts the court refused plaintiff's ninth proposition, which, in substance, declared "that the letter dated February 15, 1882, did not extend the time fixed in the contract within which the defendant was permitted to exercise his right of rescinding the same ; that it did not give defendant any right to exercise such option and rescind the contract after March 1, 1882." The court also refused the tenth proposition, which, in effect, declared "that the proper construction to be placed upon the letter of February 14, 1882, and upon the letter of plaintiff in reply, dated February 15, 1882, is, in effect, to obligate defendant to pay, and entitle plaintiff to recover, the second installment specified in the contract."

The land embraced in the contract was supposed to be coal lands, and it is apparent, from the evidence, that the option inserted in the contract was to enable Allison to test the lands, and if it turned out that coal was found in proper quantities, sell them out ; if not, let them go back to Thayer, he retaining the $500 which had been paid. From the letter of February 14, 1882, written by Allison to Thayer, it seems he had not succeeded in making sale, and as the time to exercise his option of taking the lands or rescinding the contract would expire on March 1, he writes as follows : "I would like to get you to extend the time from March the 1st to April the 1st on your land, if I can, and by so doing we will have plenty of time to bore another hole, and find some new parties to take our lands." What time did he want extended ?

It was not the time of payment, merely, that he wanted, but it seems plain that what he desired was an extension of the option to take the lands under the contract or let them go back.

But it is said Thayer, in his reply, only extended the day of payment from March 1 to April 1,—that the option to rescind was not extended. Upon an examination of the contract it will be found that the language used is peculiar. The clause giving Allison the option to rescind, reads, "any time before the second payment herein shall become due." The second payment did become due March 1, but the letter of Thayer, written February 15, in clear terms extended the time when the second payment should be made until April 1. If it was extended it did not become due until April 1, and under the words of the contract just quoted, the extension of the day of the second payment also extended the time to exercise the option. The letter of Thayer changed the day when the payment became due until April 1, and when the contract is read, as changed, the option to rescind did not expire until April 1. Did Allison rescind before April 1? On the 29th of March he returned the contract to Thayer, and said: "You will here find your contract returned. I wish to say, if you see fit to indorse on back of this contract that you extend the time to July 1st, I feel nearly certain that we can sell the land at prices that we can pay you, and let me out as well." We think the return of the contract, and the letter, was ample notice to Thayer that Allison exercised the right of rescission unless Thayer saw fit to give a further extension, which he refused. It is true there was no indorsement on the contract that Allison released Thayer from the obligations of the same, but we do not regard that as necessary. A surrender of the contract of itself released Thayer from all liability, and that is all that was necessary.

But it is said there was no consideration for the extension of the time to rescind the contract, and upon this ground the

agreement, if established, is not binding. A money consideration was not necessary. One promise is a sufficient consideration to support another, and where one person does an act beneficial to another, or agrees to do so, that forms a sufficient consideration to support an agreement. (*Cooke* v. *Murphy*, 70 Ill. 96.) Here, Thayer was anxious that Allison should take the lands at the contract price, and not rescind, as he had the right to do. Allison thought he could sell the lands, providing Thayer would give more time, so the proper tests could be made for coal. If he could sell, then, of course, Thayer would realize the contract price for the lands, which was much more than they were worth for farming purposes. The agreement of Allison to make the further test for coal, and to find new purchasers for the lands, in connection with the enhanced price he would receive above what the lands were worth, if Allison was successful, was the consideration for the extension, and we think it sufficient to support the promise.

In conclusion, we think the ruling of the court on the propositions of law which were refused, was correct.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*