PHŒNIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT,

*v.*

WILLIAM RINK.

*Filed at Ottawa September 24, 1884.*

1. SPECIFIC PERFORMANCE—*sufficiency of proof to compel execution of a parol agreement to convey land.* On bill for the specific performance of an alleged verbal contract for the conveyance of land, the uncorroborated testimony of the complainant himself as to the existence of such an agreement, contradicted as it was by the testimony of a disinterested witness, it was held did not amount to that clear and convincing proof of a verbal contract to convey real estate which is required for its establishment, before a specific execution of it will be decreed in a court of equity.

2. CONSIDERATION—*whether it exists.* Land conveyed to a trustee as security for a debt, was conveyed by the trustee to the creditor in payment of a portion of that debt, for the residue of which the creditor obtained a judgment. The debtor claimed that upon making payment of a part of that judgment, the creditor agreed to reconvey to him the land embraced in the trust deed. It was *held,* even if such a promise was made, there was no consideration to support it. The payment by the debtor of a part of the judgment for the whole of which he was legally liable, could form no legal consideration for a promise to make to him a deed for the land, in addition to discharging the judgment.

3. CHANCERY—*setting aside sale under trust deed for want of notice—condition upon which it may be done.* Where land held under a trust deed

given to secure indebtedness of the grantor, has been sold and conveyed by the trustee to the creditor in part payment of the indebtedness, if it be sought to set the sale aside for the want of proper notice, the relief will be granted only upon the condition of the one asking it doing the equity of paying that portion of the debt secured by the trust deed which was discharged by the sale of the land.

APPEAL from the Circuit Court of Lee county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. A. K. TRUSDELL, for the appellant.

Messrs. BARGE, RATHBUN & BARGE, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The bill in chancery filed in this case on the 4th day of February, 1881, sets out that on May 10, 1859, one Henry S. Palmer gave to the Phœnix Insurance Company of Hartford, Connecticut, his promissory note for the sum of $231, payable November 1, 1859, and gave to James L. Camp, trustee, a deed of trust on five lots of section 16, town 22, north of range 9, east of the fourth principal meridian, in Lee county, in this State, to secure the payment of the note, the trust deed requiring sixty days' notice of a sale under it; that on the 3d day of September, 1860, Camp, the trustee, claiming that Palmer had made default in the payment of the note, without giving any notice required by the trust deed, sold to said insurance company the premises described in the trust deed, for the sum of $25, and Camp made to the company a deed for the land; that the company, on December 15, 1860, obtained judgment against Palmer for the sum remaining due on the note, ($194.41,) and costs of suit; that on February 2, 1866, Palmer paid the judgment, and the insurance company discharged the same, and that at that time the company agreed to make to Palmer a deed for said premises, and had failed to do so; that on November 16,

1868, Palmer and his wife conveyed the premises to the complainant, Rink. The bill prays for a conveyance from the company. The answer denies the allegation as to Camp making the sale without notice, and as to the agreement to make a deed to Palmer, and sets up the Statute of Frauds. On hearing, the circuit court decreed that the sale under the trust deed was void, and that the deed made by Camp thereunder was void, and that it be delivered up to be cancelled.

The two grounds of relief are, an alleged agreement to convey, and an insufficient notice of the trustee's sale The evidence as to any agreement to make a deed rests upon the testimony, alone, of Palmer, who had given a warranty deed for the premises to the complainant. There is no pretence that there was any such agreement in writing. Palmer's testimony in respect to an agreement to convey is as follows: "I had a conversation with defendant's agent. Can't say when. A special agent, unknown to me, and James B. Charters, their attorney. Can't say when, only that it was at Dixon. It was on compromising the claim. We compromised by my paying the special agent $150, he or they agreeing to quit-claim the land back to me." He states that he had several conversations with Camp, as agent, and Charters, as attorney, with regard to the quitclaim deed. "Mr. Charters agreed to get a quitclaim deed." Mr. Charters entirely contradicts this testimony, so far as respects himself. He says that he never was present and never heard any conversation between Palmer and any person representing the Phœnix Insurance Company, in which the company promised Palmer to give him a deed for the land; that he never heard any such promise made, and never told Palmer the company would make him a quitclaim deed for the property; that Palmer never spoke to him on the subject until after sale made by Rink, the complainant, to Blackburn; that Rink asked witness at that time to try and get a quitclaim deed from the company to him. Surely, the testimony of this interested witness, Palmer, con-

tradicted as it is, does not amount to that clear and convincing proof of a verbal contract to convey real estate which is required for its establishment, before a specific execution of it will be decreed in a court of equity. And the contract, as attempted to be proved, is without the support of a valuable consideration, which it should have in order to its enforcement. The payment of $150, February 2, 1866, in discharge of a judgment for $194.41, and costs, rendered on December 15, 1860, is all of consideration that is pretended for the alleged promise to make a quitclaim deed of the land. The obligation was upon the judgment debtor to pay the whole of the judgment, and the payment by him of a part of it could form no legal consideration for a promise to make to him a deed for land, in addition to discharging the judgment.

As respects the other ground of relief,—the not giving of the full notice of the trustee's sale required by the trust deed,—it is a conclusive objection thereto that the complainant was not entitled, in a court of equity, to the relief sought, without doing equity himself. The complainant's equity in the case would have been to redeem from the trust deed, and a bill for that purpose. But there was here no offer to redeem, and redemption was not sought at all, but the purpose was for the insurance company to lose both the land and the portion of the debt it was given to secure,—that is, the purchase price for the land which was credited on the note of Palmer,—and that was the result which the decree effected. There is no plainer principle of equity jurisprudence than that he who would have equity must do equity. We are of opinion that there was here no title to the equitable relief of having the sale set aside, except upon the condition of doing the equity of paying that portion of the note secured by the trust deed which was discharged by the sale of the land.

The decree will be reversed, and the cause remanded, with directions to dismiss the bill without prejudice.

*Decree reversed.*