Moran v. Peace.

---

**Michael J. Moran v. William Peace.**

| 72 | 135 |
| 102 | ²380 |
| 72 | 135 |
| 113 | ²299 |

1. CONTRACTS—*Under Seal Not to be Modified by Parol Evidence.*—Parol evidence which has the effect of changing or modifying a sealed executory contract is not admissible.

2. CONTRACTS—*What is not a Legal Consideration.*—A promise to

do what one is already under a legal obligation to do, is not a sufficient consideration for a contract.

**Action on a Sealed Instrument.**—Declaration in assumpsit. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed November 2, 1897.

ESTABROOK & DAVIS, and RÉMY & MANN, attorneys for plaintiff in error.

Parol testimony is not admissible to change or modify the terms of a contract under seal.   Moses v. Loomis, 55 Ill. App. 342; Baltimore & O. & C. Ry. Co. v. Ill. Cent. Ry. Co., 137 Ill. 9; Novak v. Vypomocny Spolek Vlastenac B. & L. Ass'n, 68 Ill. App. 682; Wagner v. Maynard, 64 Id. 239; Alschuler v. Schiff, 164 Ill. 298.

H. F., F. A. & H. F. PENNINGTON and P. M. MCARTHUR, attorneys for defendant in error, contended that the amount of compensation may be changed by parol from that which is particularly stipulated in a sealed instrument, (Cooke v. Murphy et al., 70 Ill. 96,) and that the subsequent parol agreement was fully executed, and for such reason was properly admitted in evidence, even though it changed the conditions of the contract.   Upon this point we cite Dickerson et al. v. Commissioners, 6 Port. (Ind.) 128; Munroe v. Perkins, 9 Pick. (Mass.) 298; Dearborn v. Cross, 7 Cow. (N. Y.) 48; Latimore v. Harsen, 14 John. (N. Y.) 330; White v. Walker, 31 Ill. 422; Cooke v. Murphy, 70 Ill. 96; Worrell v. Forsyth, 141 Ill. 22; Leavitt v. Stern, 159 Ill. 526.

If the new parol agreement, even though it be without consideration, has been *executed*, and by means thereof one of the parties thereto had been led into a line of conduct which must be prejudicial to his interests, an equitable estoppel arises in his favor.   Mills v. Graves, 38 Ill. 465; Young v. Foute, 43 Ill. 33.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Defendant in error sued plaintiff in error to recover an amount claimed to be due on account of a contract between them, under seal, for doing some masonry work and furnish-

ing the materials for the same, on the line of the Chicago & Eastern Illinois Railroad. The declaration was assumpsit and contained only the common counts, to which was pleaded the general issue. The trial resulted in a verdict for defendant in error, on which judgment for the amount of the verdict, $4,377.79, was rendered in favor of defendant in error.

Various errors are assigned, but only four points are argued in the briefs, viz.:

1. That the court admitted improper evidence on behalf of defendant in error.

2. That the court refused to give proper instructions asked by plaintiff in error.

3. That the court erred in giving to the jury improper instructions, asked by defendant in error; and

4. That the court erred in refusing, on motion of plaintiff in error, to strike out and withdraw from the jury improper evidence, admitted in behalf of defendant in error.

The contract, which is between William Peace of the first part (defendant in error), and M. J. Moran of the second part (plaintiff in error), among other provisions as to the place and details of the work, prices to be paid, and times of payment, contains the following, on which the controversy in this case arises, to wit:

"It is understood by parties hereto that the foregoing prices of masonry are based upon the following agreement of parties as to cost of, and freight rates on, stone to be used therein, to wit: That the necessary stone for said masonry can be secured from quarries at Williamsport and Independence, Indiana, at $3 per cubic yard, and that the freight rate on such stone from quarries to the work will be 50 cents per ton; if first party is obliged to secure stone from quarries other than those mentioned above, and from such other quarries the rough stone costs more than $3 per cubic yard, the second party will pay the difference between $3 per cubic yard and cost of such stone. No stone shall be secured from such other quarries without the written consent of engineer of second party. If freight

rate on stone secured from other quarries than those mentioned above is more than 50 cents per ton, second party will pay, in addition to price above named, the excess of such freight rate above 50 cents per ton.. If quarries are found from which the first party can secure satisfactory stone on which freight rate from quarries to the work is less than 50 cents per ton, second party shall deduct such difference in freight rates on stone from prices above named."

The work under the contract was completed and estimates made showing due defendant in error about $7,100, which was paid except the sum of $3,779.34, which was retained because it had been ascertained that defendant in error had procured stone *from his own quarry,* instead of obtaining it from quarries at Williamsport and Independence, Indiana, and other quarries mentioned in the contract from which, if he obtained stone, it was contemplated freight on the stone would have to be paid.

Plaintiff in error claimed that, if there was a saving in freight on the stone, by the terms of the contract there should be deducted from the prices mentioned in the contract to be paid for the masonry, the saving in freight thus obtained, which would amount to the sum retained.

To meet this claim, defendant in error sought to show, and was permitted by the court, against the objection of plaintiff in error, to adduce before the jury evidence to the effect that after the contract was made and the work under it had progressed for some time, there was a verbal agreement between him and plaintiff in error that there should be no deduction from the contract prices; also evidence to the effect that stone from the quarry of defendant in error cost more than $3 per cubic yard.

This evidence had clearly the effect of changing or modifying the sealed executory contract between the parties by parol, and is not permissible. Chapman v. McGrew, 20 Ill. 101; Loach v. Farnum, 90 Ill. 368; Baltimore & O. & C. R. R. Co. v. Ill. C. R. R. Co., 137 Ill. 9; Whiskey Process Co. v. Manhattan Distg. Co., 45 Ill. App. 443; Alschuler v. Schiff, 164 Ill. 298.

Moran v. Peace.

But it is said by defendant in error the parol agreement was executed and therefore binding between the parties, and citing Worrell v. Forsyth, 141 Ill. 22. We think this contention is not sustained by the evidence. The case of Warrell was one of equitable estoppel. A necessary element of estoppel is wanting in this, that Peace was not induced to do anything which he was not already bound by his contract to do. He was placed in no position different by reason of the alleged agreement, that he was not in by virtue of his contract.

The verbal agreement was also void, as being without a consideration to support it. Peace was bound by his contract to furnish the stone independent of any agreement on the part of Moran that his estimates should be paid without deduction on account of freight. It is no consideration that one promises to do what he is already under a legal obligation to do. 1 Chitty on Cont., 34, note b, and 61, note x; 3 Amer. & Eng. Ency. of Law, 834; Vanderbilt v. Schreyer, 91 N. Y. 392; Conover v. Stillwell, 34 N. J. Law 54; Warren v. Hodge, 121 Mass. 106; Runnamaker v. Cordray, 54 Ill. 303; Smith v. Phillips, 77 Va. 548; Phœnix Ins. Co. v. Rink, 110 Ill. 538; Havana Press Drill Co. v. Ashhurst, 148 Ill. 115.

What was said by the Supreme Court in the case of Bishop v. Busse, 69 Ill. 403, to the effect that an agreement between an owner and a contractor changing the amount to be paid for building a house under a written contract previously made, was based on a good consideration, where the contractor having stopped work and declined to complete his contract previously made, agreed, if owner would pay an increased price that he would then proceed with his work, must be considered as in conflict with the later, as well as previous decisions of the same court, and therefore overruled by the later cases above cited.

It follows that the instructions given on behalf of the defendant in error were erroneous because they were based upon his supposed right to recover by virtue of the verbal agreement claimed to have been made.

Plaintiff in error complains that the court refused to give an instruction construing the written contract offered in evidence. The contract is plain and unambiguous in its terms. A fairly intelligent jury could understand it without construction. It is a general and elementary rule that the court should construe all instruments placed before the jury, but we are not prepared to hold that the refusal to give the instruction in question was error, as it could harm no one.

For the errors in instructions given on behalf of defendant in error, and the admission of the evidence changing and modifying the contract between the parties, the judgment will be reversed and the cause remanded.