## Francis S. Peabody v. Charles W. Munson.

### Gen. No. 11,041.

1. SET-OFF—*when claim of, based upon an alleged contract of endorsement, is not allowable.* Where the action is upon a promissory note given in adjustment of a previous contract of guaranty, the maker thereof is not entitled to a set-off upon an alleged contract of endorsement, where such contract appears upon a note which the plaintiff obtained from the person whose debt the defendant liquidated by the note in suit and was obtained by the plaintiff for the benefit of the defendant and endorsed to him without any additional consideration.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed March 18, 1904.

**Statement by the Court.** Appellee was the holder of a note for $2,500 made by one Conway W. Hillman, payable to appellee's order and guaranteed by appellant. Appellee agreed at the time the note was made, December 13,

1895, that if appellant would guarantee the note, payment should be extended for sixty days after its maturity if requested, and that a further extension might be granted until June 5, 1896, appellant having the right to redeem the note at any prior time, appellee to retain it in his possession until it finally became due. There was a further extension to July 20, 1896, by subsequent agreement.

The guaranteed note was not paid, but was surrendered by appellee to appellant July 22, 1896, upon receipt by the former of a new note, to recover upon which this suit was brought. The last mentioned note is as follows:

" $2,500.            CHICAGO, ILL., July 22, 1896.

Ninety days after date for value received I promise to pay to the order of Chas. W. Munson twenty-five hundred dollars at the Globe National Bank, Chicago, Ill., with interest at the rate of —— per cent. per annum to be paid after maturity.            F. S. PEABODY."

Upon the same date, Conway W. Hillman, the maker of the original note which had been guaranteed by appellant but which seems to have been now cancelled or destroyed, made and executed another note evidencing the same debt which is as follows:

" $2,500.            CHICAGO, July 22, 1896.

Sixty days after date for value received I promise to pay to the order of Chas. W. Munson twenty-five hundred dollars at O. F. Gibbs & Co., 125 LaSalle St., with interest at —— per cent per annum.            C. W. HILLMAN."

This note payable to appellee was by him endorsed, " Pay to order of F. S. Peabody, Chas. W. Munson," and delivered to appellant.

Appellant now seeks to set off the latter note upon which he obtained judgment against the maker, against the note made by him to appellee, claiming that appellee is liable upon the last mentioned note as endorser.

ARTHUR W. UNDERWOOD, for appellant.

JAMES HIBBEN, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee sues to recover upon a note made by appellant, which the latter does not dispute. It was given to take up a note guaranteed by appellant and was delivered and accepted in satisfaction and discharge of appellant's liability as such guarantor. To the note itself appellant interposes no defense. He claims, however, that appellee is liable to him as endorser of another note which was made by one Hillman, the maker of the original note guaranteed, as stated, by appellant, and evidenced the same debt. Appellee testifies that the note was obtained from Hillman, the original debtor, for appellant's benefit, to enable the latter to collect from Hillman if the opportunity should arise, the amount for which appellant had become liable to appellee by guaranteeing Hillman's note. Appellant admits that at the time when he gave appellee his own note, now in controversy, he obtained the surrender or destruction of the note which bore his guaranty.

The only substantial question involved is, as stated by appellant's attorney, whether appellant is entitled to set off against his liability practically conceded upon his own note to appellee, an asserted liability to him by appellee as endorser of Hillman's note. It is claimed that appellant exhausted his legal remedies against Hillman and is entitled to set off what he claims is appellee's liability as endorser. It is evident that appellee received no consideration for his endorsement of Hillman's note upon which it is now sought to hold him. The evidence tending to show that the endorsement was made only to transfer the note to appellant for whose benefit it was obtained, is not denied. Appellee then had and claimed no interest in the note or the debt it evidenced. He had accepted appellant's note upon which this suit is brought in satisfaction of his claim against Hillman. He had obtained the note from Hillman for appellant's benefit, acting in effect as the latter's agent. The facts not denied rebut the presumption that appellee's endorsement rests upon a good and valid consideration.

The surrender of appellant's guaranty was a sufficient consideration for the new note given by him to appellee. It was putting an existing obligation in a new form, but constituted no new or sufficient consideration for a new contract such as appellant is endeavoring to assert under his claim of set-off. Moran v. Peace, 72 Ill. App. 135–139; Reeves Co. v. Jewell Belting Co., 102 Ill. App. 375, 380.

The positive evidence is uncontradicted tending to show that appellee received no consideration for the endorsement made merely to transfer the legal title. Jones v. Albee, 70 Ill. 34, 37; Johnson v. Glover, 121 Ill. 283, 286. He cannot be held liable, therefore, under the plea of set-off.

Objection is made to the form of the order appointing the referee who is described as being a master in chancery. This is evidently a mere description. The reference was, so far as appears, regular. It is unnecessary to discuss other points referred to in the briefs.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*