PIERCE and others, Appellants, vs. SIGNOR and others, Respondents.

*April 13—April 30, 1907.*

*Contracts: Construction: Right of party to withdraw.*

From the terms of a contract for the sale of a large amount of property, rights, concessions, etc., it would seem to have been uncertain, at the time of its execution, whether the parties would be able to carry it out. It provided that in case of the vendees' failure to fulfil its terms a certain sum paid by them at delivery of the contract should be forfeited to the vendors and the contract should be void, and that in case of the vendors' failure to fulfil said sum should be returned to the vendees and the contract should be void. *Held*, that while the contract remained executory the vendors had the right, upon returning or offering to return the sum paid, to withdraw from the contract and declare it void.

APPEAL from an order of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to defendants' answer. The complaint claims damages on account of breach of contract. Defendants answered denying generally the allegations of the complaint, and admitting that they entered into a contract bearing date February 16, 1906, which is the contract attempted to be set up in the plaintiffs' complaint, but aver that said contract was not signed or executed by plaintiffs until the afternoon or evening of February 27, 1906; that it was signed by the defendants and one of the plaintiffs on or about February 16, 1906, and left with an attorney to be delivered when fully executed by plaintiffs; that plaintiffs at the same time deposited with the attorney their check for $1,000 to be delivered upon execution of said contract; that on the morning of February 28, 1906, defendants failed and refused to fulfil said contract and offered to return the $1,000; that at the time defendants failed and refused to fulfil and carry out said contract the plaintiffs were ready and willing to perform on their part. The defendants admit that their failure to carry out the terms of the contract was of some damage to the plaintiffs, but allege that by the terms of the contract defendants were authorized and entitled to so fail and refuse to fulfil the terms of the contract without being subject to the payment of damages, if any were sustained by plaintiffs by reason of such failure and refusal.

The contract provided for the sale by the defendants to plaintiffs of certain property and their interests in certain contracts and certain concessions from the government of the United States respecting lumbering rights on Indian reservation lands in Sawyer county, Wisconsin, and also certain property inventoried and belonging to the defendants. The contract recites that, under rules and regulations approved by the President of the United States, the defendants were authorized to purchase and manufacture into lumber timber on

the Lac Court Oreilles Indian reservation, Sawyer county, Wisconsin, under said rules and regulations, and agreed to sell and assign to plaintiffs all their interest in said concessions and property, which property is specified in said contract, and also assist, in all reasonable ways, the approval of the United States government to the transfer, and consent to the use of their rights and names in the purchase of timber for the benefit of the plaintiffs until such approval was obtained from the government authorities. The defendants, by the terms of said contract, agreed to assign to the plaintiffs all their rights in certain sawing, planing, dressing, matching, and lighting contracts entered upon by defendants, and the plaintiffs agreed to assume certain contracts specified. The contract, after specifying particularly the contracts to be assumed and the property transferred, further provides:

"The terms and times of payment of the money consideration under this agreement, on the part of the second party, shall be as follows: One thousand dollars ($1,000) upon the execution and delivery of this contract, and the balance, as shown by the invoice herein, on or before March first, 1906. All property, the subject of this agreement, not invoiced herein shall be paid for as soon as invoiced, at the close of the logging season of 1905 and 1906, not later than April 1, 1906. In case of failure of second party to fulfil the terms of this contract, the sum of one thousand dollars paid hereon at the execution and delivery of this contract shall be forfeited to first party, and this contract shall be void. In all matters touching or relating to dealings with the Indian allottees, and with the United States government, on the part of the second party or for the benefit of the second party, the second party agrees to become individually and severally responsible to the first party in like manner and degree as the first parties are held liable by the United States government. In case of failure of the first party to fulfil the terms of this contract, the sum of one thousand dollars, agreed to be paid by second party, shall be returned to second party and this contract be void. First party agrees to protect second party against all labor liens on logs and other property herein mentioned."

The court below overruled the demurrer, and from the order overruling it this appeal was taken.

For the appellants there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.* They contended, *inter alia,* that the provision in the contract that it should be *void* in case of defendants' failure to fulfil its terms meant that it should be *voidable* at the election of plaintiffs. Anderson, Law Dict. 1092; *Melms v. Pabst B. Co.* 93 Wis. 153, 164; 29 Am. & Eng. Ency. of Law (2d ed.) 1065, 1070, and authorities cited; *Shenners v. Pritchard,* 104 Wis. 287, 290; *Willoughby v. Lawrence,* 116 Ill. 11, 56 Am. Rep. 758; *Western Bank v. Kyle,* 6 Gill, 343; *Creveling v. West End I. Co.* 51 N. J. Law, 34, 16 Atl. 184; *Clark v. Jones,* 1 Denio, 516, 43 Am. Rep. 706; *Cochran v. Pew,* 159 Pa. St. 184, 28 Atl. 219; *Webster v. Phœnix Ins. Co.* 36 Wis. 67, 71; *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108, 114; *Dick v. Equitable F. & M. Ins. Co.* 92 Wis. 46, 49; *Riggs v. Palmer,* 115 N. Y. 506, 5 L. R. A. 340, and cases cited in note on p. 344.

For the respondents there was a brief by *James Robbins* and *C. C. & A. E. Coe,* and oral argument by *Mr. Robbins* and *Mr. C. C. Coe.* They argued, among other things, that it is competent for the parties to a contract to provide for the discharge or annulment thereof by incorporating provisions. or conditions to that end in the contract itself, and may fix and limit the rights and liabilities of each in the event of a failure of performance, and the courts will enforce contracts in this particular precisely as in other respects and in accordance with the rights of the parties as they are thus fixed and limited. *Merriman v. McCormick H. M. Co.* 96 Wis. 600; *Schwab v. Baremore,* 95 Minn. 295, 104 N. W. 10; *Mackey v. Ames,* 31 Minn. 103, 16 N. W. 541; *Dana v. St. Paul Inv. Co.* 42 Minn. 194, 44 N. W. 55; *Heisley v. Swanstrom,* 40 Minn. 196, 41 N. W. 1029; *Joslyn v. Schwend,* 85 Minn. 130, 88 N. W. 410; *Wahl v. Milwaukee,* 23 Wis. 272; 3 Page, Cont. §§ 1358–1360; *Kelly v. Bliss,* 54 Wis. 187; *Barrie*

*v. King,* 105 Ill. App. 426; *Avery v. Segura S. Co.* 111 La. 891, 35 South. 967; 3 Current Law, 844; *Wis. M. & F. Ins. Co. Bank v. Wilkin,* 95 Wis. 111; *Ward v. Am. H. F. Co.* 119 Wis. 12; 9 Cyc. 600; *Morrisey v. Broomal,* 37 Neb. 766, 56 N. W. 383.

KERWIN, J. 'As appears from the foregoing statement of facts, the contract in question was executed on the 27th day of February, 1906, and contained mutual provisions to the effect that, in case of failure of the second party (plaintiffs) to fulfil the terms of the contract, the sum of $1,000 paid thereon at the time of execution and delivery should be forfeited to the first party (defendants) and the contract be void; . and, in case of failure of the first party (defendants) to fulfil the terms of the contract, the sum of $1,000 agreed to be paid by the second party should be returned to the second party and the contract be void. These provisions are clear and unambiguous, and we see no escape from the conclusion that the parties intended just what they said. It also appears quite clearly from the provisions of the contract that the parties advisedly put these stipulations into the contract. The $1,000 deposited by plaintiffs at the time of execution of the contract was to be applied upon the purchase price and the balance paid on March 1, 1906. The subject matter of the contract involved a large amount of property, contracts, rights, and liabilities, which by the terms of the contract were to be assumed and transferred to the plaintiffs, and which involved certain concessions, and it would seem from the terms of the contract that at the time of its execution it had not been definitely determined whether the parties would be able to carry out the terms of the contract as specified. At least this may be fairly inferred from its terms. So it is quite obvious that the parties to the contract adopted the mutual provisions respecting the terms upon which it might be declared void by either party while it remained executory. And it was doubtless con-

templated that, if the privilege to withdraw from the contract and declare it void were exercised by either party, it would be exercised while the contract remained executory, and that if the plaintiffs desired to exercise their option they could do so and forfeit the $1,000, and if defendants elected to withdraw from the contract and declare it void they might do so before performance under it. The case before us is not one where the parties had performed under the contract, but where it remained executory and had not been performed on either side at the time the option to declare void was exercised.

As contended by counsel for appellants, the controlling question in the case is one of construction of the contract and intention of parties. Upon the allegations of the answer admitted by the demurrer it is conceded that the option on the part of the defendants to declare the contract void and return the $1,000 was exercised on the 28th day of February, 1906, and within one day after the execution of the contract. It was certainly competent for the parties thereto to mutually agree to the annulment of the contract in the manner which the parties here agreed, and fix the terms of such annulment. Here the parties did so in clear and unequivocal terms which leave no room for doubt as to their intention, and no reason is perceived why such agreement should not be enforced. 3 Page, Cont. § 1360; *Schwab v. Baremore,* 95 Minn. 295, 104 N. W. 10; *Foster v. Henderson,* 29 Oreg. 210, 45 Pac. 899; *Thayer v. Allison,* 109 Ill. 180. What the rights of the parties under the contract would be if it were executed or partially executed on either side we need not determine, because such a case is not before us.

It is sufficient to say that the answer states a good defense, hence the demurrer thereto was properly overruled.

*By the Court.*—The order overruling the demurrer is affirmed.