Republic Manufacturing Company, Plaintiff in Error, v. Albert Fuchs, Defendant in Error.

Gen. No. 14,642.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. CONTRACTS—*what sufficient consideration to support guaranty.* The acceptance of an order for the payment of money and the payment of money which was not obligatory, are sufficient consideration to support a contract of guaranty.

FREEMAN, J., dissenting.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 8, 1909. Rehearing denied, opinion modified and refiled November 22, 1909.

DUNN & HAYES, for plaintiff in error.

B. M. SHAFFNER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The plaintiff, Republic Manufacturing Company, brought suit against defendant, Albert Fuchs, to recover a balance of $300 due upon a promissory note of $500, made by defendant to plaintiff and payable in five monthly instalments of one hundred dollars each. Defendant claimed a set-off for money expended in repairing defects in the work on his building installed by Redmond, the plumber, under the following guaranty:

"June 4, 1907.
"*Albert Fuchs, Esq.*

Dear Sir: In consideration of the payment made on account of contracts made with R. S. Redmond for plumbing on the Chateau, corner Clarendon Ave. and Sheridan Road, we hereby guarantee the plumbing, etc., described in said contract for the terms set forth therein and to make good upon notice from you any defects therein.          Republic Mfg. Co.,
W. R. RATCLIFFE, Prest."

The issues were tried before the court with a jury, a verdict rendered for defendant, upon which a judgment of *nil capiat* was entered, and plaintiff seeks this review and argues for reversal that the judgment is contrary to the weight of the evidence, that the guaranty is without consideration and void, and that no notice of defects was given.

A careful reading of the evidence demonstrates that it is in sharp conflict. Defendant's proofs, standing alone, are of sufficient probative force to sustain a finding in his favor. The conflict in the proof was the burden of the jury to harmonize and by their verdict to say on which side of the controversy the evidence preponderated. They found by their verdict that defendant

had maintained his affirmative defense by the greater weight of the proof. Being unable to say that such finding is manifestly contrary to the weight of the evidence, we have no right to interfere with the judgment, rendered on such verdict, unless some other reason exists for so doing.

Defendant made contracts for the erection of an apartment house named the "Chateau," among which was a contract with one Redmond for plumbing. Plaintiff sold considerable plumbing supplies to Redmond, which Redmond installed in the building of defendant. For these supplies plaintiff had a claim against Redmond. The payment of such claim was no concern of defendant; for it he was in no way personally responsible to plaintiff, although his building might, in certain circumstances, be subjected to a mechanic's lien. Redmond seems to have been a person of questionable financial responsibility; at least plaintiff seemingly had some fear concerning its ability to get payment from Redmond.

On April 8, 1907, Redmond gave to plaintiff an order on defendant for $2085. Defendant had a loan with Peabody, Houghteling & Co., and on June 4, 1907, gave a certificate as follows:

"This is to certify that the Republic Mfg. Co. (A. Redmond act.), contractor for the plumbing and gas fitting of The Chateau (both contracts), are entitled to a payment of five hundred and eighty-five.......... dollars by the terms of contract, which please pay and charge to my account. A blc of four hundred and fifteen dollars will be paid by me to R. A. Redmond or his assigns, etc., and this is to settle all claims on both sides except the keeping in order of the work as per contract for two years.        ALBERT FUCHS,
                                                    Owner."

A settlement was had on that day and the amount of the Redmond order on defendant, less $85 which was for extras which plaintiff abated, paid by defendant to plaintiff. Defendant was neither obligated to accept nor pay the order or the $2000 which he paid to plain-

tiff, and in consideration of that payment plaintiff gave to defendant the guaranty of June 4, 1907, above set out. These were concurrent acts and a sufficient consideration for the guaranty then given. Moreover, the guaranty recites a consideration which was sufficient in itself to cast the burden upon plaintiff to rebut by proof. Cook v. Murphy, 70 Ill. 96. The conditions of settlement were threefold: On the part of the defendant to pay the amount of the Redmond order, less $85, which he was not in law obligated to pay, and on the part of plaintiff the rebating of the $85 for extras and giving the guaranty above recited. The money so paid was Redmond's debt and the guaranty given was the assumption of that condition in Redmond's contract.

If notice to plaintiff of defects in Redmond's work was necessary to fix a liability upon plaintiff under the terms of the guaranty, there is evidence in the record sufficient to warrant the conclusion of the jury that such notice was given.

While the theories in dispute are not altogether free from doubt, we are satisfied that the judgment metes out substantial justice between the parties.

The judgment of the Municipal Court is affirmed.

*Affirmed.*

MR. JUSTICE FREEMAN dissenting.