CHARLES TOBEY

*v.*

WILLIAM PRICE *et al.*

CONTRACT — *right of contractor to damages for being delayed in his work.* Where a person employed to furnish all necessary labor and materials, and do every thing specified under the head of mason's work, etc., in the erection of a building, the iron work and stone cutters' work to be furnished by the employer, is delayed in the completion of his contract by the delay of the employer in furnishing the iron work and cut stone, he will be entitled to recover damages occasioned by the delay, and such damages will not be waived by continuing the work until the completion of his contract.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by William Price and Ansel B. Cook against Charles Tobey. The written contract of the parties under which the plaintiffs performed labor, etc., provided that they should furnish all the materials, and perform all the necessary labor under the head of mason's work in the erection of a building for the defendant, and that the defendant, through other contractors, should furnish the iron work and cut stone for the building. The opinion of the court states the other material facts.

Mr. John Van Arman, for the appellant.

Mr. H. M. Shepard, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, on the common counts, for labor and materials furnished by the plaintiffs to the defendant, and for extra work, and damages for delay in furnishing iron, cut stone and other material, on the part of the defendant. The cause was tried on the general issue, by the court, without a jury, and there was a finding and judgment for the plaintiff, for twelve hundred and eighty-seven dollars and thirty-six cents. The defendant appeals.

The contract was in writing, and the work, though not entirely completed in the time specified, was accepted by defendant, without objection, as in performance of the contract.

The only matter of complaint by appellant is the allowance by the court of damages on account of the delay in iron and stone cutters' work.

The iron and stone cutters' work were, by the contract, to be furnished by other contractors with the defendant. The contract provides that the plaintiffs should do their work in connection with the other mechanical work on the building, and complete it by the 1st of August, 1872. The contract was made April 22, 1872. The building fronted on two streets, the first story of which was fitted with columns, between which

the cast iron work and cut stone work was to be placed in position and backed up with brick. This backing up with brick was part of the plaintiffs' contract, and it was to be done in connection with the iron and stone work.

The proof shows defendant did not furnish his iron work until about the middle of July, nor the cut stone work until near the last of November.

The plaintiffs claimed they were damaged by this delay of the defendant, and damages were allowed them on that account.

Appellant argues, if he was tardy, and failed to furnish the iron and cut stone work seasonably, the plaintiffs could have abandoned the job, and brought their action for such damages as they incurred in not being able to complete it. But he argues, if instead of abandoning the job they elected to proceed and complete it, they will be presumed to have waived the lapse of time, and to have done the work under contract, and they can, therefore, claim only the contract price. In other words, appellant claims appellees are entitled to no damages for his delay. We know of no authority for such a position. Appellees could have abandoned the work and brought their action for damages, but their right to proceed with the work to completion, and then claim damages, cannot be seriously questioned.

The performance of the contract by appellees was dependent on performance by appellant, and if he neglected or failed to perform in due season his part of the contract, by which appellees were delayed in the completion of the work, to their damage, common reason suggests they should be compensated therefor. There is an express stipulation in the contract that the defendant shall be liable to plaintiffs for neglect, carelessness, or omission of duty on his part, or any persons he might employ on the work.

By reason of appellant's neglect, or that of his employees, to put the cast iron and cut stone work in place, ready for backing, appellees were delayed nearly four months beyond the time stipulated for the completion of the work. Appellant was liable

to damages for such delay, and the amount found by the court is by no means excessive. It was clearly for the benefit of appellant that the work should go on, rather than be abandoned, and he ought not to complain.

The judgment is affirmed.

*Judgment affirmed.*