Nelson v. Pickwick Associated Co.

## WILLIAM P. NELSON

v.

## THE PICKWICK ASSOCIATED COMPANY.

| 30 | 333 |
|----|-----|
| 41 | 92 |

| 30 | 333 |
|----|-----|
| 50 | 583 |
| 51 | 280 |

| 30 | 333 |
|----|-----|
| 60 | 644 |

*Mechanic's Lien—Delay of Other Contractors—Damages—Evidence—Architect.*

| 30 | 333 |
|----|-----|
| 110 | 4222 |

1. Under a written contract to furnish materials and labor in the erection of a building, naming a specific sum as compensation therefor, any promise of extra pay must, in order to bind the promisor, be based upon a sufficient consideration.

2. Where such contract provides that in case of delay caused by the failure of other contractors to complete their work extra time shall be allowed, such provision will not preclude the recovery of damages resulting from the delay.

3. It is incumbent upon one who is erecting a building to keep the work in such a state of forwardness as to enable contractors to complete their work within the time limited.

4. In the case presented, the claim made by the contractor is not within the clause of the contract relating to questions which the architects should decide.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. CHARLES F. WHITE, for appellant.

It was manifestly to the advantage of appellee that Mr. Nelson should complete the work, and the promise of ap-

pellee to pay the advance in wages is just what would be expected under such circumstances.

Mr. McNeil also says : "I heard nothing more from them for a long, long time. They went ahead and did their work;" a significant fact when it is considered that Nelson contemplated abandoning the job, and told McNeil he didn't propose to complete the work.

It was competent for the parties to contract for an additional sum to be paid. Cook v. Murphy, 70 Ill. 96.

Mr. McNeil was president of the defendant corporation as well as its agent, and was authorized to make the contract. Chicago Building Society v. Crowell, 65 Ill. 455 ; Union Mut. L. Ins. Co. v. White, 106 Ill. 75.

The notion that a corporation acts only under its corporate seal and by its president and secretary is obsolete. New Eng. F. & M. Ins. Co. v. Schuttler, 38 Ill. 166; Board of Education v. Greenebaum, 39 Ill. 609 ; Ill. Cent. R. R. v. Johnson, 40 Ill. 297.

Messrs. PADDOCK, ALDIS & WRIGHT, for appellee.

GARY, J. Between these parties a contract was made July 12, 1886, by which the appellant undertook to do the painting and glazing of a building being erected by the appellees. The specifications of the work provided that it should be completed by February 15, 1887, and that $25 per day should be deducted from the contract price for every day the work should remain undone after that date. Also that appellant should co-operate with the contractors for the other parts, and arrange and carry on his work in such a manner that none of the co-operating contractors should be delayed. These portions of the specifications were in print, and it is a reasonable inference that contractors for other parts of the work were bound by like provisions.

The contract required the work to be done under the supervision of architects, and their certificate was a condition precedent to any payments. It reiterated that the damages for delay should be deducted as mentioned in the specifications,

Nelson v. Pickwick Associated Co.

and in a later portion provided: "Should delay be caused by other contractors, to the positive hinderance of the contractor hereto, a just and proper amount of extra time shall be allowed by the architects, provided they shall have given written notice to the said architects at the time of such hinderance or delay.

"And in case the said parties shall fail to agree as to the true value of extra or deducted work, or the amount of extra time, the decision of the architects shall be final and binding; the same in case of any disagreement between the parties relating to the performance of any covenant or agreement herein contained."

The principal question in the case is, whether this provision for the allowance of extra time by the architects is the only remedy of the appellant when delayed by other contractors. He was so delayed until, by the rise of wages, it cost him $473.20 more than it otherwise would have done to perform his contract. The matter in controversy is, whether he shall recover that sum. There is parol testimony of a promise by the general agent of the appellees, having authority, made to appellant when but a small part of the work was done, and he claimed extra pay as a condition of going on with it, that the company would pay the additional cost caused by such delay. But if the rights of appellant were fixed by the contract, any promise to pay him extra for doing what the contract bound him to do would lack a consideration, unless special circumstances would take the case out of the general rule, as in Bishop v. Busse, 69 Ill. 403, and Cooke v. Murphy, 70 Ill. 96.

There is a preponderance of the testimony that such a promise was made, and the probability that there was, as well as the justice of the claim, are strongly supported by the concurrent circumstances. Without reciting that testimony and those circumstances, however, the case may safely be put upon the ground that "the contract necessarily presupposes and implies, on the part of the appellees, an obligation to supply" that upon which the appellant was to do his work. Broom's Legal Maxims, 667.

It was the legal duty of the appellees to keep the work in such a state of forwardness as to enable the appellant to perform his contract within the limited time. See v. Partridge, 2 Duer, 463.

The provisions for the extra time was for the avoidance of the penalty the appellant would incur if he did not complete his contract on time. In its language it purports a benefit to him; an allowance, not a deprivation, of his right to require the work to be in readiness for him.

Under a provision in the specifications with other contractors, whose work preceded that of the appellant, like that in the specifications for his work, the appellees had in their hands indemnity for the increase to the price of the appellant's work. If they did not have such a provision it was their own omission, the consequence of which is not chargeable to appellant.

If the appellees desired exemption from their obligations under the contract, they should have put such exemptions in clear language that would have put appellant on his guard, and left no doubt as to what was intended. In Wood v. Fort Wayne, 119 U. S. 312, a contract in relation to constructing water works for the city of Fort Wayne, the city furnished pipes through another contractor, and in the contract with Wood it was provided that he "shall have no claim upon the city for any delay in the delivering of pipes or other materials from the manufacturers;" and that all loss or damages arising "from any unforeseen obstructions or any difficulties that may be encountered in the prosecution of the work shall be incurred by the contractor without extra charge" to the city. Yet it was held that the city was liable where the pipes so furnished were defective in size, and delay and expense ensued, upon the ground that the delay not being in the delivering, but the kind being such as took time and expense to remedy the defects, the loss was not covered by the contract.

It is only by the application of the maxim, *expressio unius est exclusio alterius*, that the claim of the appellant can be cut off; that, as there is one consequence of delay caused by other contractors declared, all others are, by that declaration, ex-

cluded. But this maxim "is not of universal application, but depends upon the intention of the parties as discoverable upon the face of the instrument, or of the transaction." Broom's Legal Max. 653.

The claim made by the appellant is not within the clause quoted from the contract as to questions the architect should decide. There is no question of the value of extra work, nor is there any disagreement between the parties relating to performance of the contract. The amount which the appellant should recover if he is entitled to recover at all, being undisputed, the decree is reversed and the cause remanded with directions to allow to appellant $478.20 for his damages for delay, as well as the amount due him upon the contract.

*Reversed and remanded.*