The Michigan Avenue Methodist Episcopal Church

v.

William Hearson et al.

*Building Contract—Balance Due—Damages—Delay—Architect's Certificate.*

1.   Parties are not bound where an arbitrator empowered to act in a given case declines to do so.

2. Where an enumeration of specific matters is followed in a contract by general words or phrases, the latter are held to refer to the same kind of things or matters as those specified.

3. Where no time is fixed by a building contract, within which certain work is to be finished, it is implied that it shall be done within a reasonable time, and that the owner will so arrange with reference to other work, that the contractor therefor may complete it within such reasonable time.

4. In an action brought by building contractors to recover a balance claimed to be due and damages alleged to have been sustained on account of delays arising through the defendant's negligence, the latter contending that the architect employed was the final arbiter between the parties on all questions of dispute, and that his certificate as to amount due for work, as well as for damages, is conclusive, this court holds, in view of the evidence, that he had no authority to determine the claim for damages because of delay; that the trial court was warranted in finding that he refused to consider the question, on the ground that it was outside his jurisdiction; and declines to interfere with the judgment for the plaintiffs.

[Opinion filed June 25, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. JONES & HACKER, for appellant.

Messrs. LYMAN & JACKSON, for appellees.

MORAN, P. J. This action was prosecuted by appellees against appellant to recover a balance due on a contract for the performance of the carpenter work on appellant's church building, and for damages sustained by appellees for delay in the completion of said contract caused by the failure of appellant to have other work on the building performed in time.

Appellant's first contention is that the architect was the final arbiter between the parties on all questions of dispute arising under the contract, and that his certificate as to amount due for work, as well as for damages, is conclusive upon the parties.

It appears from the evidence that the architect issued two final certificates bearing the same date. One certifies that appellees are entitled to $869.53 "in full of contract and extras, leaving out the question of damages." The other, that they

are entitled to a payment of $1,667.48 "in full of contract and all extras of every kind and nature."

These certificates were not given to appellees, but to the committee for appellant having the matter of building in charge.

It is doubtful under the evidence whether these certificates can be regarded as the final judgment of the architect on the matter, if it be assumed that he had authority under the contract to pass upon appellees' claim for damages. The court was warranted in finding that the architect refused to pass upon or consider appellees' claim for damages on the ground that it was outside of his jurisdiction. Parties are not bound where the arbitrator chosen refuses to consider the matter in dispute. He must determine in order to constitute his judgment binding. If he had the power to determine the claim for damages because of delay, he declined to exercise it. But we think it clear that he had no such authority.

The clause in the contract referring to the matter makes the architect's decision final and binding on both parties "as to the interpretation of the drawings and specifications, and as to the quality or quantity of work or materials, or any other matter connected with the work, furnishing materials, or in settlement of this contract."

Appellees were bound to begin work on or before June 1, 1886, and to prosecute it so as not to cause delay to appellant or other contractors engaged on the building, but no time was fixed in the contract when the carpenter work should be completed. Whether, under such a contract, the contractors would be entitled to damages from the owner for delay which operated to greatly increase the cost of performing the contract, is a question not submitted to the architect by the terms of the clause of the contract above quoted.

The claim for damages is based upon the alleged breach of an implied term of the contract, and is not a matter necessarily connected with the work or furnishing materials, or other matters within the architect's province. Where an enumeration of specific matters is followed in a contract by general words or phrases, the latter are held to refer to the same kind

of things or matters as those specified.  Nanamore v. Clark, 63 N. H. 166; U. S. v. The Buffalo Park, 16 Blatch. 190.

In Lawson v. Wallasey Local Board, 52 L. J. Q. B. 302, the clause giving the engineer authority was as follows : "If any difference shall arise between the local board and the contractor concerning the work hereby contracted for, or any part thereof, or concerning anything in connection with this contract, such difference shall be referred to the engineer, and his decision therein shall be final and binding" on the parties. The contractors made a claim for damages for unreasonable delay, and it was contended, as it is here, that upon that matter the decision of the engineer was conclusive.  The court said that the dispute was not a difference concerning a thing connected with the contract.  "When the parties contracted they never contemplated that the engineer would have to decide any such dispute as one arising from the breach of an implied contract against unreasonable delay."

It is shown by the evidence that appellees were greatly delayed in the performance of their work by the failure and dilatoriness of other contractors.  The stone work was not done on time, nor the plastering, and on the whole, appellees were some eight months longer on the job than they should have been.  There was an advance in the cost of materials and of labor, before they could do the work, which would not have affected appellees if they had been permitted to proceed with their work with reasonable diligence.  While no time is fixed by the contract within which the carpenter work is to be finished, it is implied that it shall be done within a reasonable time and that appellant will so arrange with reference to the other work on the building that appellees may complete it within such reasonable time.  Taylor v. Renn, 79 Ill. 182; Toby v. Price, 75 Ill. 645; Nelson v. Pickwick Ass. Co., 30 Ill. App. 333, and cases there cited.

The allowance of appellees' claim for damages for the delay is fully sustained by the law and the evidence.

The finding and judgment of the Circuit Court is correct, and no error is found which requires a reversal of the case.

The judgment will therefore be affirmed.

*Judgment affirmed.*