UNITED STEEL CO. v. CASEY et al.

(Circuit Court of Appeals, Sixth Circuit. February 13, 1920.)

No. 3302.

1. CONTRACTS ⬡232(4)—PROVISION AS TO EXTRAS DID NOT PROHIBIT ORAL MODIFICATION.

A provision, in a contract for excavating, grading, back-filling, and concreting, that no extras would be allowed without an understanding and written order, did not prohibit the making of an oral contract changing the compensation to be paid for the work and material covered by the written contract, but was a fact to be considered by the jury, with evidence tending to establish the oral contract.

2. EVIDENCE ⬡596(3)—ORAL MODIFICATION OF CONTRACT MAY BE ESTABLISHED BY SIMPLE PREPONDERANCE.

An oral modification of a written contract may be established by a preponderance of the evidence, and need not be established by clear and convincing proofs.

3. CONTRACTS ⬡237(2)—MODIFICATION OF CONTRACT SUPPORTED BY CONSIDERATION, WHERE DEFENDANT HAD DELAYED AND EMBARRASSED PLAINTIFF IN ITS PERFORMANCE.

Where defendant made changes in the location of the work, and failed to furnish plans for part of the work of excavating, etc., and underestimated the amount of excavation, thus delaying plaintiff in the performance of the contract, and necessitating the doing of a large part of the work in the winter season, there was sufficient consideration for an oral contract to pay plaintiff the reasonable value of the work, instead of the unit prices fixed by the written contract for the work, even though plaintiff did not specifically waive claims for damages from such delays.

4. CONTRACTS ⬡237(2)—MODIFICATION AS TO PRICE FOR WORK SUPPORTED BY CONSIDERATION, WHERE CHARACTER OF WORK WAS MISREPRESENTED THOUGH IN GOOD FAITH.

Where, in the negotiations for a contract for excavation, etc., defendant misrepresented the character of the soil to be excavated, though the representations were made in good faith, there was a sufficient consideration for an oral contract fixing a different price for that part of the work than that prescribed in the written contract covering the work.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by John F. Casey and another, doing business as the John F. Casey Company against the United Steel Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

H. H. McKeehan, of Cleveland, Ohio, and John H. Fimple, of Canton, Ohio, for plaintiff in error.

Paul J. Bickel and W. C. Boyle, both of Cleveland, Ohio, for defendants in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On the 4th day of September, 1915, the United Steel Company entered into a contract in writing with the John F. Casey Company, by the terms of which the latter company agreed to do certain excavating, grading, back-filling, and concreting at fixed and definite prices per cubic yard. This contract was signed

on the part of the United Steel Company by S. R. Smythe, engineer, and on the part of the Casey Company by John F. Casey.

The Casey Company completed this contract September 23, 1916, and later commenced an action against the Steel Company to recover $112,295.99 for and on account of work and labor performed and material furnished. It is admitted that, based upon the unit prices named in the written contract, there was then a balance due the Casey Company from the Steel Company of approximately $12,000. The Steel Company denied that the Casey Company was entitled to recover this balance, by reason of the fact that it had failed to complete the work at the time specified in the contract; but there is now no longer a serious dispute in reference to this amount.

The real question in dispute is the claim of the Casey Company that on or about the 22d day of November, 1915, the Steel Company agreed with it that the unit prices named in the written contract should not be the measure of compensation for the work then or thereafter to be done, but, on the contrary, that the Steel Company would pay the Casey Company, for the work performed and material furnished, the fair and reasonable value thereof.

The Casey Company claims that the fair and reasonable value of the material furnished and the work done by it exceeds by about $100,000 the amount that would be due it, if calculated upon the unit price fixed in the contract. The Steel Company in its answer denied that any oral agreement had been made changing the prices per unit fixed in the written contract, and in its cross-petition asks damages for $500,-000 for failure to complete the work without delay and in the quickest possible time, as provided in the contract. The jury returned a verdict against the Steel Company for the sum of $68,831.56, including the amount of $12,261.73, upon which verdict a judgment was rendered accordingly. This proceeding in error is prosecuted to reverse that judgment.

It is contended on the part of the plaintiff in error that there was no consideration for the alleged oral promise of the Steel Company to pay the Casey Company a fair and reasonable amount for material to be furnished, that the court erred in charging the jury that a preponderance of the evidence would be sufficient to warrant the finding that the written contract was orally modified, and that the verdict of the jury finding in favor of the plaintiff upon that issue is not sustained by clear and convincing proofs.

[1] Whether the oral contract was made as pleaded in the petition, by the terms of which the Steel Company agreed to pay the Casey Company the fair and reasonable value of the work done and material furnished by it, instead of the unit price named in the written contract, is purely a question of fact for the jury. The correctness of this verdict in this particular involves the weight of the evidence, which this court will not consider, except in connection with the degree of proof required to establish such oral contract, the terms of which differ materially in a very important particular from the terms of the written one. The provision in the contract that "no extras will be considered or allowed in connection with this contract, without first hav-

ing an understanding and written order between John F. Casey Company and the United Steel Company," does not in terms prohibit the making of an oral contract changing the compensation to be paid for the work and material actually covered by the written contract, but it does emphasize the fact that at the time this contract was executed it was the purpose and intention of the parties that the rights and liabilities of each should be measured and determined by its terms, at least as to the extent of the work to be done and the quantity of material to be furnished. While this provision applied only to extra material and labor not specified or included in the contract, nevertheless it was a fact to be considered by the jury in connection with the evidence tending to establish an oral contract, but in no wise controlling the determination of that issue.

[2] The plaintiff avers a new and distinct contract as to price, not in writing, made some months after the original written contract was made; nevertheless we know of no rule of law or evidence that requires an oral contract, or an oral modification of a written contract, to be established by clear and convincing proofs. On the contrary, the authorities seem to be unanimous that such contracts may be established by a preponderance of the evidence. Jones, Stranathan & Co. v. Greaves, 26 Ohio St. 2, 20 Am. Rep. 752; Lyon v. Fleahmann, 34 Ohio St. 151–155; Shaul v. Norman, 34 Ohio St. 157; Bell v. McGinness, 40 Ohio St. 204, 48 Am. Rep. 673; Achenbach v. Stoddard, 253 Pa. 338, 98 Atl. 604; Piatt's Administrator v. U. S., 89 U. S. (22 Wall.) 496, 506, 22 L. Ed. 858.

The case of Ashley v. Henahan, 56 Ohio St. 559, 47 N. E. 573, involved a claim by the contractor for extra work done and material furnished in defiance of the express provision of the written contract that he would make no such claim except upon a written order from the architect. The other cases cited by counsel for plaintiff in error involve like questions, except the case of Hasler v. West India Steamship Co., 212 Fed. 862, 129 C. C. A. 382, in which case there was no claim made that a new oral contract, changing or modifying the terms of a written contract, had been made; but, on the contrary, the plaintiff claimed that the terms of the contract as written had been orally waived by agents of the other contracting party, and this without any consideration whatever paid or agreed to be paid by the party in default.

We are, therefore, of the opinion that the trial court did not err in its charge to the jury touching the degree of proof required to establish an oral modification of the terms of a written contract.

[3] The more important question, perhaps, is the claim that there is no consideration for the oral agreement. There is evidence in this record that prior to the time it is claimed this oral contract was made, and after the Casey Company had started to put its machinery in place, it was notified by telegram from Mr. Smythe, representing the Steel Company, that it had changed the location of the steel plant three hundred feet further east than as first located, and commanding him to stop all work at once in connection with erection of equipment and cable work; that this change of location necessitated the making of

a new fill, during all of which time the Casey Company was compelled to suspend operations; that after the Casey Company had relaid its tracks it was informed by the Steel Company that the change in location was 316⁶/₁₀ feet, instead of 300 feet, and again the track had to be removed and placed still further east. The actual cost of these changes were paid by the Steel Company, but the Casey Company was delayed at least three weeks thereby.

There is also evidence in this record that the Steel Company failed and neglected to furnish plans for a material part of the work to be done; that the failure to do this, not only hindered and embarrassed the contractor in doing his work, but also increased the cost of operation; that these delays caused by the Steel Company prevented the Casey Company from completing their contract in the fall of the year, when the weather was more favorable for that character of work. There is also evidence to the effect that Mr. Smythe, representing the Steel Company, had represented to Mr. Casey that the concrete would be about 15,000 cubic yards, and the excavation from 120,000 to 130,-000 cubic yards, while the actual amount of excavation was 217,921 cubic yards and of concrete 24,366 cubic yards, an increase of nearly double the quantity estimated by the Steel Company's engineer; that under ordinary circumstances this, perhaps, would have been to the advantage of the Casey Company, but, because of the fact that it was compelled to do a large part of this work in the winter season, it naturally and necessarily resulted to its disadvantage; that, in fixing the price per unit for this character of work and material, the time of the year in which the work is to be performed is an important consideration; that a lower price would be charged for excavation and concrete work in the summer and fall than would be charged for like work in the winter months.

If the jury believed this evidence to be true, then the consent of the contractor to go on with the work in the winter months, although but for the fault of the owner he might have completed his contract in good weather, and his waiver of damages for the delays occasioned by the owner were sufficient consideration to sustain the oral contract. King v. Railway Co., 61 Minn. 482, 63 N. W. 1105; Tobey v. Price, 75 Ill. 645; Allamon v. Mayor of Albany, 43 Barb. (N. Y.) 33; Stubbings Co. v. World's Columbian Exposition Co., 110 Ill. App. 211.

This case must be distinguished from the case of Lingenfelder v. Wainwright Brewing Co., 103 Mo. 578, 15 S. W. 844, and other cases in line with that decision. In that case Lingenfelder, at the time the oral contract was made to pay him 5 per cent. on the refrigerator plant as the condition of his complying with his contract relating to other matters, had no claim for damages whatever against the owner, nor was there any reasonable excuse for his refusal to perform the work covered by that contract according to its terms. The court, in the consideration of that case, said:

"He took advantage of Wainwright's necessities, and extorted the promise" without "even the flimsy pretext that Wainwright had violated any of the conditions of the contract on his part."

In this case there is substantial evidence that the Steel Company had so delayed, hindered, and embarrassed the Casey Company in the performance of its contract that it would at least have had a bona fide claim for damages, regardless of the amount that it might have recovered in a suit based upon such claim.

It is not important, except as a fact for the consideration of the jury, that Mr. Casey, representing the Casey Company, did not, at the time it is claimed this oral contract was made, specifically waive all claims for damages as a consideration for this oral contract. Parties to a contract are presumed to understand and appreciate all the facts and circumstances within their knowledge in relation to the subject-matter then under consideration. If the Casey Company, after making this contract, had brought action for damages occasioned by the delays incident to change of location and failure of the Steel Company to furnish plans, it would have been met with the answer that any claims for damages it may have had were waived and compensated by the provisions of the new contract, regardless of whether it had, in terms, waived such damages.

[4] It also appears from the evidence that the character of the soil was in a large part wholly different from what the parties understood it to be at the time the contract was made. There is evidence in this record that Mr. Smythe, representing the Steel Company, pointed out to Mr. Casey the character of the soil to be excavated; that he called attention to an excavation, about 16 feet deep, 30 feet wide, and 50 feet long, near the location of the work covered by the contract, which excavation had been made by the Steel Company for an additional open-hearth furnace at plant A. This excavation was in sand and gravel. Mr. Smythe also called Mr. Casey's attention to the bed and banks of the creek as representing the condition of the soil to be encountered, and this was also of gravelly sand.

The fact that these representations were made in good faith and in the honest belief that the character of the soil to be excavated under the terms of this contract was similar to the soil shown to the contractor is not important, if these representations were made to Mr. Casey for the purpose of inducing him to believe them to be true, and the Casey Company had a right to rely, and did rely, upon the truth of these representations. If the jury found these facts in favor of the plaintiff, it would constitute a sufficient consideration for the oral contract fixing a different price per unit for that particular part of the work. On the other hand, in the absence of such representations, a contract is not invalid, nor is the obligor therein discharged from its terms, because it turns out to be difficult or burdensome to perform. Cottrell v. Smokeless Fuel Co., 148 Fed. 594, 78 C. C. A. 366, 9 L. R. A. (N. S.) 1187; U. S. v. Gleason, 175 U. S. 588, 20 Sup. Ct. 228, 44 L. Ed. 284; Simpson v. U. S., 172 U. S. 372, 19 Sup. Ct. 222, 43 L. Ed. 482; Ry. Power & Light Co. v. City of Columbus, Ohio, 249 U. S. 399, 39 Sup. Ct. 349, 63 L. Ed. 669.

However, where a contract must be performed under burdensome conditions not anticipated, and not within the contemplation of the parties at the time the contract was made, and the promisee measures

up to the right standard of honesty and fair dealing, and agrees, in view of the changed conditions, to pay what is then reasonable, just, and fair, such new contract is not without consideration within the meaning of that term, either in law or in equity. Cooke v. Murphy, 70 Ill. 96; Galveston v. Railroad Co., 46 Tex. 435, 440; King v. L. & N. Ry. Co., 131 Ky. 46, 114 S. W. 308; Hart v. Lauman, 29 Barb. (N. Y.) 410; Meech v. Buffalo, 29 N. Y. 198.

The judgment of the District Court is affirmed.