**ROCKWELL INTERNATIONAL CORP.,**
Plaintiff-Appellant,

v.

**REGIONAL EMERGENCY MEDICAL SERVICES OF NORTHWEST OHIO, INC., Defendant-Appellee.**

No. 80–3604.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 17, 1981.

Decided Sept. 17, 1982.

Richard S. Baker, Toledo, Ohio, for plaintiff-appellant.

Arthur F. James, Rosen, Shinaberry, James & Weiher, Toledo, Ohio, for defendant-appellee.

Before JONES, Circuit Judge, WEICK, Senior Circuit Judge, and SILER,* District Judge.

SILER, District Judge.

Collins group, a subdivision of Rockwell International Corp. (hereinafter "Collins"), has appealed from a directed verdict granted in favor of the defendant-appellee Regional Medical Services of Northwest Ohio,

Inc. (hereinafter "REMSNO"). The issue to be decided in this case is whether the district court erred in granting a directed verdict. For the reasons set forth below, we reverse and remand for a new trial.

The facts giving rise to this controversy began on April 7, 1975, when Collins contracted with the Medical College of Ohio at Toledo (hereinafter "MCO") to furnish and install an Emergency Medical Communication System for an area of Northwest Ohio. On July 15, 1975, MCO assigned the rights and delegated the duties under the contract to REMSNO, with the knowledge and approval of Collins. Prior to the original completion date (October, 1975), several problems developed. Building permits, authorizations and Federal Commission licenses were not obtained by either MCO or REMSNO, although MCO was obligated under the contract to obtain all "necessary licenses and permits required under the Federal Communications Commission and the Federal Aviation Administration."

It became apparent that some of the equipment installed by Collins (according to specifications prepared and furnished by MCO) would be insufficient to meet the needs of the emergency system. However, it does not appear that the items installed by Collins were defective. Approximately six months after the contracted completion date Collins informed REMSNO that it would be impossible to proceed further under the original contract due to the aforementioned problems and resulting delays. The system was eventually completed by Motorola under another contract. On August 23, 1977, Collins filed suit against MCO and REMSNO for breach of contract. Collins alleged it was due $69,442.00 under a ten per cent withholding clause and $79,852.00 for additional work performed, for a total of $149,294.00. The district court concluded the Ohio Court of Claims had jurisdiction over the suit against MCO and directed a verdict accordingly. After presentation of the evidence, the court also directed a verdict in favor of REMSNO from which Collins has appealed.

* The Honorable Eugene E. Siler, Jr., United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

On a motion for a directed verdict, the court should consider the evidence in the light most favorable to the party against whom the motion was made, and give it the advantage of every fair and reasonable inference that the evidence can justify. *Continental Ore v. Union Carbide & Carbon Co.*, 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962); *Fortner Enterprises, Inc. v. United States Steel Corp.*, 452 F.2d 1095 (6th Cir. 1971), *cert. denied*, 406 U.S. 919, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1972). A directed verdict is appropriate if there is a complete absence of pleading or proof on an issue or issues material to the cause of action or where there are no controverted issues of fact upon which reasonable men could differ. *Edwards v. United States*, 140 F.2d 526 (6th Cir. 1944). In this case, however, there was a factual issue presented to the court below. Therefore, the directed verdict was erroneously granted.

The issue which should have been presented to the jury was the question of who was responsible for the delays which led to this action. Collins argued that it was prevented from fully performing its obligations by the delays which were the fault of MCO and REMSNO. REMSNO argued that it was not in a position to become responsible under the contract until it received federal funding for the project in December of 1975. REMSNO states that the July, 1975, assignment from MCO to REMSNO was an "assignment in name only" or a "paper assignment." While REMSNO might not have been to blame for the delays, it apparently became legally responsible as of the date of assignment from MCO.[1] In reference to the delays which occurred, the district court stated, "There is just no evidence that would show that that was the fault of the plaintiff [Collins] any more than it was the fault of the defendant."

As this was a case filed under the diversity jurisdiction of the court, 28 U.S.C. § 1332, state law controls. *Erie R. R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Moreover, as the contract provided that Ohio law governed, it is to be applied here.

[4] Where one party to a contract hinders or prevents the completion of a contract, this constitutes a breach of the contract. *See Rohde v. Massachusetts Mutual Life Ins. Co.*, 632 F.2d 667, 670 (6th Cir. 1980) (applying Ohio law); *Gridiron Steel Co. v. Jones & Laughlin Steel Corp.*, 361 F.2d 791 (6th Cir. 1966) (applying Ohio law); *Suter v. The Farmers Fertilizer Co.*, 100 Ohio St. 403, 126 N.E. 304 (1919). As REMSNO stood in the shoes of MCO as its successor to the contract, if MCO prevented Collins from installing its equipment, then it cannot repudiate the contract by proclaiming that Collins did not complete the task on time. In light of the fact that both sides had presented evidence to indicate who was at fault, the issue was clearly a fact to be resolved by the jury.

The contract provided that any changes requiring additional work must be made in writing *prior* to such work commencing.[2] Collins provided additional services; however, the writing required was not met for

---

1. This was actually a novation, which is a substituted contract which includes as a party one who was not a party to the original contract. Under this substitution, or novation, the breach of the new duty on the part of REMSNO does not give rise to a right of action on the old duty. *See* Restatement (Second) of Contracts § 280 (1979); 6 Corbin, Contracts § 1297 (1962).

2. That provision provides:

   M.C.O. may from time to time, by written instructions or drawings, make changes in the specifications, require additional work or direct omission of work previously ordered, and the provisions of the contract shall apply to all such changes, modifications or additions with the same effect as though embodied in the proposal. No change shall be deemed to be made pursuant to this clause unless such change is ordered in writing. If any change causes an increase or decrease in the cost or of the time required for the performance of any part of the work, whether changed or not changed by such order, an equitable adjustment shall be made in the contract price and schedule. Prior to commencement of any extra work or changed work, M.C.O. and COLLINS shall negotiate the necessary adjustment to the contract price and delivery schedule.

certain additional work. It is the position of Collins that REMSNO requested, agreed to and had knowledge of the additional work that was being performed by Collins and such knowledge constituted a waiver of the writing requirement. *Expanded Metal Fire-Proofing Co. v. Noel Construction*, 87 Ohio St. 428, 101 N.E. 348 (1913).

██ Under Ohio law the construction to be given a written contract is a matter of law to be determined by the court. *Alexander v. Buckeye Pipeline Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978). Obviously, there could be an oral modification of such a contractual provision. *See United Steel Co. v. Casey*, 262 F. 889 (6th Cir. 1920) (applying Ohio law). Here, however, there was no evidence of waiver or variance from paragraph ten of the contract. Once, when a change was authorized, on October 30, 1975, it was accomplished in writing and payment was made by REMSNO. Thus, that charge is not an issue in this litigation.

On all other occasions when Collins alleges it incurred other expenses, it did not demonstrate in the proof that REMSNO acquiesced or approved the additional changes. There were communications from Collins to REMSNO about the charges, but REMSNO never did agree to the changes. Therefore, there could be no waiver, and the district court properly decided this in favor of REMSNO.

For the reasons set forth above, the holding of the district court is REVERSED and the action is REMANDED with instructions that the court below should grant a new trial consistent with this opinion.