762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANTHONY BENT, PLAINTIFF-APPELLANT,
v.
THE STROH BREWERY CO., DEFENDANT-APPELLEE.
 NO. 83-1788
 United States Court of Appeals, Sixth Circuit.
 3/14/85
 
 Appeal from the United States District Court for the Eastern District of Michigan, Southern Division
 Before: MERRITT and KENNEDY, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Anthony Bent brought this case against his former employer, the Stroh Brewery Co., alleging unlawful discharge and racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq., and Michigan's Elliott-Larsen Civil Rights Act, M.C.L.A. Secs. 37.2102 et seq. A jury trial was held on the Elliott-Larsen claim, and the Title VII claims were simultaneously tried to the court. At the close of plaintiff's case in chief, defendant moved under Fed. R. Civ. P. 41(b) for dismissal of the Title VII claims and moved under Fed. R. Civ. P. 50(a) for a directed verdict on the Elliott-Larsen claim.
 
 
 2
 A district court must use different standards when evaluating motions for a directed verdict and involuntary dismissal. The trial court must weigh the evidence when evaluating a motion for dismissal, but may not do so on a motion for directed verdict. Hersch v. United States, 719 F.2d 873, 876-77 (6th Cir. 1983). Before ruling in either of defendant's motions, the District Court noted that it was 'well aware of the different standards that must be applied on each motion' and that it could 'make no credibility determinations on the motion for directed verdict.' The court then granted the Rule 41(b) motion for dismissal. In granting this motion the District Court found the plaintiff's testimony unworthy of belief. The court then turned to the motion for directed verdict on the Elliott-Larsen claim. Before ruling on that motion the District Court again emphasized that it could not weigh the credibility of witnesses and must view the evidence in the light most favorable to the plaintiff. The court then also granted the motion for a directed verdict, holding that the evidence was clear and indisputed that plaintiff had been discharged for a legitimate reason and was not the victim of racial discrimination.
 
 
 3
 Plaintiff appeals only the directed verdict on his Elliott-Larsen claim. The thrust of his argument is that in passing on the motion for a directed verdict the District Court impermissibly considered the credibility of the plaintiff's testimony. However, the record shows that the District Court clearly and repeatedly emphasized that it would not weigh the credibility of any witness in passing on the motion for directed verdict. Plaintiff argues that because of the court's disbelief of the plaintiff's testimony, which it expressed when ruling on the motion dismissal, it 'would have been impossible' for the court to have not also considered plaintiff's credibility when ruling on the motion for directed verdict. However, judges at both trial and appellate levels are repeatedly called upon to evaluate a claim under a legal standard, setting aside their own opinions of the merits of the claim or the credibility of witnesses. They do this every time a judge rules on a motion for a directed verdict, whether or not the judge must weigh the evidence when considering another issue. There is absolutely no indication in the record before us that the District Court violated its expressly recognized duty by improperly considering the plaintiff's credibility.
 
 
 4
 'A directed verdict is appropriate if there is a complete absence of pleading or proof on an issue or issues material to the cause of action or where there are no controverted issues of fact upon which reasonable men could differ.' Rockwell International Corp. v. Regional Emergency Medical Services, 688 F.2d 29, 31 (6th Cir. 1982). The standard remains the same on appeal. O'Neill v. Kiledjian, 511 F.2d 511, 513 (6th Cir. 1975). In this case the record fully supports the District Court's holding that plaintiff had not proven racial discrimination.
 
 
 5
 Accordingly, the judgment of the District Court is affirmed. Furthermore, we find that this appeal was frivolous and award double costs to appellee pursuant to Fed. R. App. P. 38.