875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.D. HICKMAN, Plaintiff-Appellant Cross-Appellee,
v.
CITY OF KINGSPORT, a municipal corporation,
Defendant-Appellee Cross-Appellant.
 Nos. 88-5945, 88-5971.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1989.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 J.D. Hickman appeals pro se, and the defendant cross-appeals from the judgment entered by the district court in this civil rights case filed under 42 U.S.C. Sec. 1983. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Hickman sued the city of Kingsport, Tennessee, his former employer, alleging that he had been discharged in violation of his due process rights and in retaliation for exercising his first amendment rights. At the close of the evidence, the district court directed a verdict for the defendant on the first amendment claim. The jury returned a verdict for plaintiff on the due process claim, and awarded him $56,000.00 in damages. Plaintiff's motion for reinstatement to his job was denied. Defendant also filed an untimely motion for new trial and/or remittitur, which was denied, and it has not appealed from that order. On appeal, plaintiff is contending that the district court erred in denying his motion for reinstatement, and the defendant argues that it was entitled to a directed verdict on the due process claim, and that the jury award is not supported by the evidence.
 
 
 3
 Upon consideration of the briefs and the record, we conclude that the district court's judgment should be affirmed in all respects. Plaintiff has not established that the district court abused its discretion in denying his motion for reinstatement, based on its findings of animosity between the parties and the jury's consideration of front pay in fashioning the award. See Henry v. Lennox Industries, Inc., 768 F.2d 746, 753 (6th Cir.1985). The defendant has not established its entitlement to a directed verdict, as the record shows that there were controversial issues of fact upon which reasonable men could differ. See Rockwell Int'l Corp. v. Regional Emergency Medical Serv., 688 F.2d 29, 31 (6th Cir.1982). Finally, we conclude that the damages award is not shocking or a manifestation of plain injustice, and decline to adjust it. See Rodgers v. Fisher Body Div., General Motors Corp., 739 F.2d 1102, 1106 (6th Cir.1984), cert. denied, 470 U.S. 1054 (1985).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.